## FALLAS v. SULTAN & CHERA CORP., et al.

Circuit Court, Dade County, Civil Appeal.
October 23, 1951.

Arthur A. Kimmel, Miami Beach, for appellant.

Lawrence G. Lally, Miami, and Rodney Durrance, Tallahassee, for appellees.

GRADY L. CRAWFORD, Circuit Judge.

This is an appeal from an award made June 29, 1951, by the industrial commission sitting as a full commission, which re-

versed an award of March 28, 1951, made by the deputy commissioner.

Claim was made by Joseph Fallas, the appellant, against the appellee, Sultan & Chera Corporation, the insurance carrier and the industrial commission in which the appellant filed his claim for injuries received by accident arising out of and in the course of his employment with the appellee, Sultan & Chera Corporation when he tripped and fell injurying his back.

On March 22, 1951, the insurance carrier requested the commission to suspend the payment of workmen's compensation to the appellant as of November 15, 1950, on the grounds that claimant had refused on that date to submit to a myelographic study recommended by his physician.

Claimant was examined by four doctors who diagnosed his injury as a herniated disc in the lower back and recommended that the claimant undergo a myelogram to confirm the diagnosis and that the disc be repaired by surgery.

The claimant, appellant here, was genuinely afraid of undergoing surgery and refused to submit to the myelogram and to the surgery.

The industrial commission on June 29, 1951, suspended the payment of compensation and medical benefits to the appellant until he submitted to the myelographic study *and surgery* recommended by the physicians.

In its order, the commission recognized the fact that it had no power to order the appellant to undergo surgery of the type indicated in this case. However, the commission reached its conclusion on the ground that under Section 440.25 (7) of the Florida Statutes 1951, the commission had the right to suspend compensation for any period in which an employee may refuse to submit to physical examination by a duly qualified physician designated or approved by the commission as the commission may require.

It is the opinion of this court that the order of the commission was in error and should be reversed. This court does not believe that the commission has the power or authority to suspend a compensation award until the claimant submits to a major surgical operation for the removal of a herniated disc in his back. Such refusal of the employee to undergo surgery of this type is not an unreasonable refusal.

An operation of the type recommended in this case is a major operation entailing danger to the claimant's life. The operation here concerns the removal of a herniated intervertebral disc, medically known as hernia nucleus pulposus and is recognized everywhere as being a major operation involving some risk of life. An order requiring claimant to submit to such an operation in order to receive workmen's compensation payments is shocking to the conscience of the court. A human being should not be compelled to take a risk of death, however slight the risk may be, in order that the pecuniary obligation created by law, in his favor against the employer be minimized.

For the reasons given, the order of the commission dated June 29, 1951, entered in this case is reversed and the findings of the deputy commissioner as reflected in his award dated March 28, 1951, are hereby reinstated.